IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

TRINIDAD OSORIO HERRERA
c/o 519 H Street NW
Washington, DC 20001
(Prince George's County)

      Plaintiff,

v.

METAL RECYCLERS, LLC
d/b/a METAL RECYCLERS
8312 Lokus Road
Odenton, MD 21113
(Anne Arundel County)

ROBERT BRUCE JONES
1704 Porters Hill Road
Annapolis, MD 21401
(Anne Arundel County)

NELSON GRAJALES HERRERA SR.
1191 Hammond Lane
Odenton, MD 21113
(Anne Arundel County)

      Defendants.

Civil Action No. _____

# COMPLAINT

1.      Plaintiff worked at Defendants' scrap metal yard for almost 6 years. During that time, Defendants paid him the same hourly rate across all the hours that he worked, including overtime hours.

2.      In April 2020, Plaintiff tested positive for COVID-19 and was hospitalized as a result. He did the responsible thing: he notified Defendants, and he self-quarantined for 14 days. Not only did Defendants fail to provide him with sick leave; shockingly, upon Plaintiff's return to work, Defendants fired him in retaliation.

3.      Plaintiff brings this action against Defendants to recover damages for Defendants' willful failure to pay overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

4.      Plaintiff brings this action against Defendants to recover damages for Defendants' willful failure to provide paid leave, and for Defendants' malicious retaliation, pursuant to the Emergency Paid Sick Leave Act ("EPSLA") (Section 5101 of the Families First Coronavirus Response Act ("FFCRA"), 116 P.L. 127, 2020 Enacted H.R. 6201, 116 Enacted H.R. 6201, 134 Stat. 178).

## Jurisdiction and Venue

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

7.      Plaintiff Trinidad Osorio Herrera is an adult resident of Prince George's County, Maryland.

8.      Defendant Metal Recyclers, LLC is a Maryland corporate entity. It does business as Metal Recyclers. Its principal place of business is located at 8312 Lokus Road, Odenton, MD 21113. Its resident agent for service of process is Robert Jones, 8312 Lokus Road, Odenton, MD 21113.

2

9.      Defendant Robert Bruce Jones is an adult resident of Maryland. He resides at 1704 Porters Hill Road, Annapolis, MD 21401. He is an owner and member of Defendant Metal Recyclers, LLC. He exercises control over the operations of Metal Recyclers, LLC — including its pay practices.

10.     Defendant Nelson Grajales Herrera Sr. is an adult resident of Maryland. He resides at 1191 Hammond Lane, Odenton, MD 21113. He exercises control over the operations of Metal Recyclers, LLC — including its pay practices.

**Factual Allegations**

11.     Defendants own and operate Metal Recyclers, a scrap metal yard located 8312 Lokus Road, Odenton, MD 21113.

12.     Plaintiff worked at Metal Recyclers from approximately August 18, 2014 through approximately April 10, 2020.

13.     Plaintiff worked at Metal Recyclers as a scrap metal processing worker.

14.     Plaintiff's job duties at Metal Recyclers primarily consisted of tending to customers, weighing and organizing scrap metal, and operating the forklift.

15.     Plaintiff typically and customarily worked six days per week.

16.     Starting on approximately January 1, 2017, Plaintiff typically and customarily worked approximately forty-four hours per week.

17.     At all relevant times, Defendants paid Plaintiff by the hour.

18.     Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jul. 01, 2017–Nov. 25, 2018 | $12.50 |
| Nov. 26, 2018–Apr. 12, 2020 | $16.35 |

19.     Prior to 2018, Defendants typically and customarily paid Plaintiff by check.

20.     From approximately January 1, 2018 through approximately April 22, 2020, Defendants paid Plaintiff half of his payment in cash, and the other half via direct deposit.

21.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

22.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

23.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $6,000.00 in overtime wages (excluding liquidated damages).

25.     On or about April 11, 2020, Plaintiff contracted COVID-19, for which he was subsequently hospitalized.

26.     Plaintiff notified Defendants that he had contracted COVID-19.

27.     Pursuant to his doctor's recommendations, Plaintiff self-quarantined for approximately three weeks following his discharge from the hospital.

28.     Plaintiff returned to work on May 22, 2020, when he received permission from his doctor to do so.

29.     Upon Plaintiff's return to work following his self-quarantine, Defendant Nelson Grajales Herrera, Sr. fired Plaintiff on the spot, citing Plaintiff's "recent job performance."

30.     Defendants did not provide leave to Plaintiff — either paid or unpaid — in conjunction with his hospitalization for COVID-19 and his subsequent self-quarantine.

31.     Defendants fired Plaintiff specifically because of his hospitalization for COVID-19 and his subsequent self-quarantine.

32.     Defendants acted with actual malice when they fired Plaintiff because of his hospitalization for COVID-19 and his subsequent self-quarantine.

33.     Defendant Robert Bruce Jones participated in the decision to set Defendants' hours of operation.

34.     Defendant Robert Bruce Jones participated in the decision to hire Plaintiff.

35.     Defendant Robert Bruce Jones participated in the decision to set Plaintiff's hourly rate.

36.     Defendant Nelson Grajales Herrera, Sr. set Plaintiff's work schedule.

37.     Defendant Nelson Grajales Herrera, Sr. issued Plaintiff his payment.

38.     Defendant Nelson Grajales Herrera, Sr. supervised Plaintiff's work.

39.     Defendant Nelson Grajales Herrera, Sr. fired Plaintiff.

40.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

41.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

42.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

43.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

44.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

45.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

46.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

47.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29

U.S.C. § 203(d).

50.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum

wage. 29 C.F.R. § 778.5.

51.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-

half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

52.     Defendants' violations of the FLSA were willful.

53.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid

overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and

expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

54.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55.     Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md.

Code, Lab. & Empl. Art. § 3-401(b).

56.     The MWHL requires employers to pay non-exempt employees one and one-half times

their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md.

Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

57.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half

times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

58.     Defendants' violations of the MWHL were willful.

59.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE MWPCL

60.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

61.     Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

62.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

63.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

64.     The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

65.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

66.     Defendants' violations MWPCL were willful.

67.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

68.     other relief deemed appropriate by the Court.

## COUNT IV
### FAILURE TO PROVIDE LEAVE UNDER THE EPSLA AND FLSA

69.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

70.     Each defendant was an "employer" of Plaintiff within the meaning of the EPSLA.

71.     Plaintiff qualified for leave under the EPSLA because he was diagnosed with COVID-19, because he was hospitalized because of COVID-19, and because his doctor told him to self-quarantine after his discharge from the hospital.

72.     Plaintiff was entitled to 80 hours of paid leave under the EPSLA, or $1308.00.

73.     Pursuant to the EPLSA, an employer who fails to provide paid leave under the EPSLA shall be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)), and shall be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

74.     Accordingly, Defendants violated the EPSLA and FLSA when they failed to provide Plaintiff with paid leave.

75.     Defendants' violations of the EPSLA and FLSA were willful.

76.     For Defendants' violations of the EPSLA and FLSA, Defendants are liable to Plaintiff for $1308.00 in unpaid wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT V
### RETALIATION UNDER THE EPSLA AND FLSA

77.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

78.     Each defendant was an "employer" of Plaintiff within the meaning of the EPSLA.

79.     Under the EPLSA, an employer may not discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with this EPSLA.

80.     An employer who willfully violates the anti-retaliation provisions of the EPSLA shall be

considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29

U.S.C. 215(a)(3)), and be subject to the penalties described in sections 16 and 17 of such Act (29

U.S.C. 216; 217) with respect to such violation.

81.     Accordingly, Defendants violated the EPSLA and FLSA when they fired Plaintiff for tak-

ing leave.

82.     Defendants' violations of the EPSLA and FLSA were willful.

83.     Defendants' violations of the EPSLA and FLSA were done with actual malice.

84.     For Defendants' violations of the EPSLA and FLSA, Defendants are liable to Plaintiff for

$10,000.00 in lost wages, an equal amount as liquidated damages, $100,000.00 in punitive dam-

ages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropri-

ate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against De-

fendants, jointly and severally, on all counts, in the current total amount of **$141,416.00**, and

grant the following relief:

    a.      Award Plaintiff $18,000.00, consisting of the following overlapping elements:

        i.      unpaid overtime wages, plus an equal amount as liquidated damages, pur-

             suant to the FLSA, 29 U.S.C. § 216;

        ii.     unpaid overtime wages, plus an equal amount as liquidated damages, pur-

             suant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.    three times the amount of unpaid overtime wages, pursuant to the

             MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff $2,616.00, consisting of $1,308.00 in unpaid EPSLA leave, plus

an equal amount as liquidated damages;

c.      Award Plaintiff $20,000.00, consisting of $10,000.00 in lost wages as a result of

Defendants' retaliation for Plaintiff taking EPSLA leave, plus an equal amount as liqui-

dated damages;

d.      Award Plaintiff $100,000.000 in punitive damages for Defendants malicious re-

taliatory termination of Plaintiff for taking EPSLA leave;

e.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

f.      Award Plaintiff reasonable attorney's fees and expenses;

g.      Award Plaintiff court costs (currently, $400.00); and

h.      Award any additional relief the Court deems just.

Date: July 9, 2020                                      Respectfully submitted,

                                                        /s/ Justin Zelikovitz
                                                        JUSTIN ZELIKOVITZ, #17567
                                                        DCWAGELAW
                                                        519 H Street NW
                                                        Washington, DC 20001
                                                        Phone: (202) 803-6083
                                                        Fax: (202) 683-6102
                                                        justin@dcwagelaw.com

                                                        *Counsel for Plaintiff*


# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so tri-

able.

                                                        /s/ Justin Zelikovitz
                                                        JUSTIN ZELIKOVITZ, #17567